# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Respondent,*

vs.

    Case No. 16-CR-10016-01-EFM

JOSE AMADOR,

    *Petitioner*

## MEMORANDUM AND ORDER

Before the Court is Petitioner Jose Amador's Motion to Vacate Sentence (Doc. 157) and Motion to Appoint Counsel (Doc. 161). Amador seeks relief under 28 U.S.C. § 2255 on three grounds: (1) ineffective assistance of counsel; (2) Fourth Amendment violations; and (3) wrongful arrest and search. The Court denies both motions for reasons set forth below.

### I.    Factual and Procedural Background

On January 12, 2016, Amador was indicted for conspiracy to distribute and to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, as well as three counts of being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g). Amador filed a notice of intent to enter a plea of guilty on October 25, 2016. The government filed an

Information the following day, charging Amador with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and with using a communication facility to facilitate a drug trafficking crime, in violation of 21 U.S.C. § 843(b).

On November 1, 2016, Amador pled guilty to both counts, and the Court sentenced him to 108 months' imprisonment on January 18, 2017. Amador later appealed the district court's prior ruling on his motion to suppress to the Tenth Circuit.[1] On September 14, 2018, the Tenth Circuit affirmed the district court's ruling, and Amador filed a petition for writ of certiorari on December 26, 2018. The Supreme Court denied the writ on April 15, 2019.

## II.     Legal Standard

Petitioner now seeks to vacate his sentence under 28 U.S.C. § 2255. Section 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Petitioners seeking relief under § 2255 must allege facts that, if proven, would warrant relief from their conviction or sentence.[2] Upon receipt of a § 2255 motion, the court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[3] An evidentiary hearing is therefore not necessary where a §

---

[1] *See United States v. Amador*, 752 F. App'x 541 (10th Cir. 2018), *cert denied* 139 S. Ct. 1546 (2019).

[2] *See Hatch v. Okla.*, 58 F.3d 1447, 1469 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

[3] 28 U.S.C. § 2255(b).

2255motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[4]

Finally, Amador appears pro se. Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[5] A pro se litigant is entitled to a liberal construction of his pleadings.[6] It is not the proper role of a district court, however, "to assume the role of advocate for the pro se litigant."[7]

### III. Analysis

#### A. § 2255 Motion to Vacate

Amador seeks to vacate his sentence under 28 U.S.C. § 2255, contending that he received ineffective assistance of counsel, that his fourth amendment rights were violated, and that he was wrongfully arrested and searched. 28 U.S.C. § 2255(f)(1) states, "[A] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . the date on which the judgment of conviction becomes final."[8] "[A] criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires."[9] Here, Amador filed a petition for writ of certiorari, which the Supreme Court denied on April 15, 2019. Amador therefore had one year

---

[4] *See Hatch*, 58 F.3d at 1471 (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[5] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[6] See Trackwell v. U.S. Gov't, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.")

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] 28 U.S.C. § 2255(f).

[9] *United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006) (citation omitted).

from that denial, or until April 15, 2020, to file his § 2255 motion. He failed to do so, instead filing his motion on May 8, 2020.

As a pro se prisoner, Amador may claim his motion was timely under the prison mailbox rule. The Supreme Court first set forth the prison mailbox rule in *Houston v. Lack*,[10] where the Court established a pro se prisoner's notice of appeal is deemed "filed" at the moment of delivery to prison authorities.[11] The Tenth Circuit has extended this rule to a federal inmate's initial filing of a motion to vacate under 28 U.S.C. § 2255, as is the case here.[12]

Under Tenth Circuit law, Amador can establish the date on which he gave his papers to a prison official in one of two ways. First, if using a legal mailing system, Amador need only allege and prove that he "made timely use of the prison's legal mail system if a satisfactory system is available."[13] Alternatively, if a legal system is not available, Amador may satisfy the mailbox rule by submitting "a declaration or notarized statement setting forth the notice's date of deposit with prison officials and attest that first-class postage was pre-paid."[14] Regardless of method used, Amador has the burden of proof for establishing compliance.[15]

Here, Amador fails to satisfy either avenue. In his motion, Amador declared "under penalty of perjury that the foregoing is true and correct" and that his motion "was placed in the prison mailing system" on April 8, 2020.[16] There is no indication in this declaration, or anywhere else in

---

[10] *See Houston v. Lack*, 487 U.S. 266 (1988).

[11] *Id*. at 268.

[12] *Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005) (citation omitted).

[13] *Id*. at 1166.

[14] *United States v. Ceballos–Martinez*, 387 F.3d 1140, 1145 (10th Cir. 2004), *cert. denied*, 543 U.S. 1005 (2004).

[15] *Id.* at 1143.

[16] Doc. 157, at 12.

the filing, that Amador sent his motion via the prison's legal mail system, as opposed to the prison's normal mail system. As such, Amador cannot satisfy the first of two avenues to invoke the prison mailbox rule because he has failed to allege and prove use of the prison's legal mailing system.

Amador fails to satisfy the second avenue as well. Although Amador stated under penalty of perjury that he sent his motion on April 8, 2020, he did not state that first class postage was prepaid.[17] Even if the Court could infer that first class postage was prepaid, extrinsic factors suggest that is not the case here. The clerk's office did not receive the motion until on or about May 8, 2020 – a full month after Amador claims he placed the motion in the mail. As Amador is currently incarcerated in Littleton, Colorado, it is unlikely a letter placed in the mail with first class postage prepaid would take a month to reach the clerk in Kansas. As such, Amador fails to satisfy his burden that he complied with either method under the prison mailbox rule. His motion is therefore dismissed as untimely.

**B.      Evidentiary Hearing and Motion to Appoint Counsel**

An evidentiary hearing on Amador's motion is not necessary because the motion and records of the case conclusively show that he is not entitled to relief.[18] Amador also seeks appointment of counsel to assist in his § 2255 motion. Although there is no general constitutional or statutory right to the appointment of counsel beyond the direct appeal of a criminal conviction,[19] Rule 8(c) of the Rules Governing Section 2255 Proceedings requires a court to appoint counsel if

---

[17] *See United States v. Jack*, 630 F. App'x 858, 861 (10th Cir. 2015) (finding pro se inmate failed to satisfy prison mailbox rule when he did not state that first class postage was prepaid); *see also United States v. Smith*, 182 F.3d 733, 735 n. 1 (10th Cir. 1999) (same).

[18] *United States v. Galloway*, 56 F.3d 1239, 1240 n. 1 (10th Cir. 1995) (citing 28 U.S.C. § 2255).

[19] *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (citation omitted).

an evidentiary hearing is held. Here, the Court has determined an evidentiary hearing is not required. As such, Amador's motion for appointment of counsel is denied.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[20] A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[21] For the reasons explained above, Amador has not made a substantial showing of the denial of a constitutional right. Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that Petitioner Jose Amador's Motion to Vacate Sentence (Doc. 157) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel (Doc. 161) is **DENIED.**

**IT IS SO ORDERED.**

This case is closed.

Dated this 15th day of July, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[20] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit district judge issues a COA. 28 U.S.C. § 2253(c)(1).

[21] *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).